Curia, per

Evans, J.
The first question which I propose to consider is the second ground made in the notice, whether the award made between the plaintiff and Joshua Wilbourn in relation to the road, was admissible ; my brethren think it should have been received, and I concur in the opinion ; no importance can, as I supposed, be attached to the circumstance that a bond was ;taken to secure the performance. The award is evidence of right. It is the .decision of a tribunal chosen by the parties, and binding upon them. The rule is thus laid down in Philips Ev. 305. In the case of Doe vs. Roper, 3 East R. 15, where in ejectment it appeared that the lessor of the plaintiff and the defendant had before referred to an arbitrator their respective *60 claims to the property in question, it was decided that although the award cannot have the effect of conveying the land, there was no reason why the defendant may not conclude himself, by his agreement, from disputing the plaintiff’s title. The subject is fully discussed, and all the cases collected, in Cowan and Hill’s notes to Philips, in note 697, 3 vol. page 1037 ; and Phillips, at the page above referred to, says that an award as a plea, a bar or evidence, is conclusive between the parties upon the same matter directly in question. The award was made between the plaintiff and Joshua Wilbourn. Yet, as .it was not rejected on that ground, the plaintiff should have an opportunity of making it evidence against the defendant, if he can.
At first we thought the rejection of the evidence was not a sufficient cause for setting aside the non-suit, but upon reflection, I am satisfied it is. If the road was, beyond dispute, a public road, then no private action could be maintained for obstructing it. The only remedy would be by indictment, and this court would not send a case back to hear evidence, where the evidence could not, in the nature of things, establish the plaintiff’s right of action ; he could, in no way, acquire such an interest in a public road as to give him a right to bring a private action for its obstruction. But I am not prepared to say that this is a public road ; its character as such cannot be established in this incidental way. The defendant has a right to be heard before this matter can be definitively settled against him. All that I did, or intended to decide, on the circuit, was, that by the evidence on the trial there were none of those facts of assertion of right to use the way, or acquiescence on the part of the owner, which, according to our cases decided on that point, would establish a private right of way over the defendant’s land. The only evidence offered on the trial to sustain the right, was the mere use of the road, by the plaintiff and those under whom he claimed, for thirty years ; but the same witnesses said the road was common to all the country, every body used it ] súch a use may establish a right in the public, but is not the characteristic of a private way. I do not mean to say that several persons may not have a right to the same way, but the idea of a private *61 right is, that it belongs to some persons to the exclusion of others, and if the whole community have an equal right, (and such was the evidence,) then the right is in the public and the remedy is by indictment. If this road had been laid out by any public authority, or if it was, and had been for a long time, recognised by the Commissioners of Roads, and worked on and repaired by the public under the orders of the board, then there would have been no doubt that it would be useless to send the case back, for the reason before stated ; but the public character of this road has never yet been decided; that is to be determened by the way in which the public have used it, which may,- in the end, turn out to be such a use as does not confer right, for I can see no reason why a use, by the public, may not be permissive as well as the use by an individualand a use of a way over another’s land, by the owner’s permission, in the case of an individual, can never confer right. It may turn out that the public have no right, and, in that .case, the award may settle the question of right between these parties ; for although the evidence offered on the trial established no right of way in the plaintiff, yet, if that question be settled by the award, and the present defendant is bound by it, it would seem that, according to the authorities, he would be estopped by it from averring to the contrary; it will be conclusive of the right. Under this view of the case I forbear to do what I once intended, to discuss, somewhat at large, the character of these thoroughfares connecting the great highways, which have been. used, time out of mind, by the community at large, without being recognized by the commissioners of roads, and worked on under their directions.
The motion to set aside the nonsuit is granted.
Richardson-, O’Neall, Butler, - Wardlaw and Frost, JJ. concurred.